JUSTICE GRAY,
specially concurring.
¶74 I join in the Court’s resolution of both issues in this case. With regard to its discussion of issue one, however, I cannot agree with the Court’s decision that it is necessary to overrule any portion of Juedeman or Thompson.
¶75 The Court goes to great lengths throughout its opinion, and properly so, to observe that this case must be resolved on its specific facts, including the material facts that this case involves the Unfair Trade Practices Act (UTPA), Montana’s Motor Vehicle Safety-Responsibility Act and the mandatory minimum insurance coverages required thereunder. Neither Thompson nor Juedeman involved these facts. Indeed, Thompson does not discuss or apply any statutory requirements; that decision is based entirely on “bad faith” case law. Juedeman, on the other hand, involves the UTPA but not mandatory minimum insurance coverages under the Motor Vehicle Safety-Responsibility Act. Given these differences, it is possible to distinguish both Juedeman and Thompson on their facts and limit their holdings to the facts of those cases, and I would do so. Under such an approach, the Juedeman holding that there is no offer for settlement without an agreement to release would — and should — continue to apply to cases which do not involve the mandatory minimum coverages required under the Motor Vehicle Safety-Responsibility Act. Such an approach also would support the Court’s conclusion — with which I agree — that § 33-18-201(6), MCA, does not require a settlement to include a full and final release of all claims “under all circumstances.”
¶76 Furthermore, the Court’s decision to overrule Juedeman and Thompson does not meet our standard in determining whether to depart from the fundamental doctrine of stare decisis which “reflects our concerns for stability, predictability and equal treatment....” See Formicove, Inc. v. Burlington Northern, Inc. (1983), 207 Mont. 189, 194, 673 P.2d 469, 472. While we are not required to follow a manifestly wrong decision (Formicove, 207 Mont. at 194, 673 P.2d at 472 (citations omitted)), the Court does not point to any portion of either Juedeman or Thompson which is wrong, much less manifestly wrong. I simply cannot join the Court in overruling cases for no reason.
*114 ¶77 Finally, I continue to disagree with the practice of overruling cases “to the extent” they are inconsistent with the opinion in a current case. In this regard, the Court purports to both “overrule and distinguish” Juedeman and Thompson “to the extent those decisions are inconsistent with this opinion.” As set forth above, the cases are readily distinguishable from the present case and should simply be distinguished. The Court provides no guidance for future cases by both overruling and distinguishing the earlier cases. Moreover, if there are portions of those cases which are actually inconsistent with something in the present case, the Court should clearly identify them and, if necessary, overrule those specific portions so that legal practitioners and trial courts are properly advised of the continuing viability or lack thereof of Juedeman and Thompson. In my view, the Court has taken the easy — but not the prudent — way out in its final discussion of those cases.
¶78 Aside from these concerns, I join in the Court’s opinion.